Colin C.  Holley, Bar No. 191999
cholley@watttieder.com
Watt, Tieder, Hoffar & Fitzgerald, LLP
4 Park Plaza, Suite 1000
Irvine, CA  92614
Telephone: 949-852-6700
Facsimile:  949-221-3520

Attorneys for Plaintiff
THE GARMON CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| THE GARMON CORPORATION, a California corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>NATURPET, INC., a British Columbia, Canada provincial corporation,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT;**<br><br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT; AND**<br><br>**(3) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, *ET SEQ*.**<br><br>[DEMAND FOR JURY TRIAL] |

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

## COMPLAINT

This is an action by plaintiff The Garmon Corporation ("Garmon"), a California corporation, against defendant NaturPet Inc. ("NaturPet"), a British Columbia, Canada provincial corporation, for trademark infringement in violation of the Lanham Act, unfair competition and false designation of origin in violation of the Lanham Act, and unfair competition in violation of Sections 17200, *et seq.* of the California Business and Professions Code.

## Jurisdiction

1.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks), 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws), and 28 U.S.C. § 1367 (supplemental jurisdiction).

2.      This Court has personal jurisdiction over defendant NaturPet.  The Court has specific jurisdiction based on NaturPet's contacts with the United States under Rule 4(k)(2) of the Federal Rules of Civil Procedure, and/or specific jurisdiction based on NaturPet's contacts with California under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.  NaturPet has purposefully availed itself of the privilege of conducting activities in the United States, including in California, and NaturPet has purposefully directed its activities at the United States, including at California, by: (a) committing the intentional acts alleged herein, including after receiving cease and desist letters, with knowledge that such acts would harm Garmon, and with knowledge that Garmon has its principal place of business in California; (b) selling products bearing the infringing trademark to consumers throughout the United States, including to California consumers, through an interactive website designed to attract United States consumers; (c) failing to use geo-blocking technology to prevent customers located in the United States from

accessing its interactive website; (d) forming a business relationship with Chewy, Inc. and using the Chewy.com e-commerce platform as a tool to market and sell its products bearing the infringing trademark to consumers throughout the United States, including California consumers, with knowledge that Chewy, Inc. is based in the United States and purchases made via Chewy.com are shipped only to consumers within the contiguous United States; and (e) filing multiple applications with the United States Patent and Trademark Office for registration of a "NaturPet" trademark in the United States.

## Venue

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, defendant NaturPet engages in business dealings in this district, and plaintiff Garmon has its principal place of business in and suffered harm in this district.

## Parties

4.      Plaintiff Garmon is, and at all relevant times herein mentioned was, a California corporation, with its principal place of business located at 27461 Via Industria, Temecula, California 92590.  Garmon is engaged in the manufacture, marketing and sale of pet products throughout the United States and on the Internet.

5.      On information and belief, Garmon alleges defendant NaturPet is, and at all relevant times herein mentioned was, a British Columbia, Canada provincial corporation.  NaturPet is engaged in the marketing and sale of pet products throughout the United States and on the Internet.

## Facts Common to All Claims for Relief

6.      Garmon is engaged in the marketing and sale of pet products, including dietary supplements, topical treatments, grooming products, training aids, and other items.  Garmon manufactures, markets and sells such products under the "NATURVET" brand line and trademark.

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

7.     Garmon has marketed and sold products under the "NATURVET" brand line and trademark continuously since at least as early as 1995.

8.     Garmon's "NATURVET" products have been sold for many years at widespread retail locations, including some of the largest pet supermarket chains in the United States as well as on the Internet.

9.     Garmon has expended considerable effort in promoting and establishing name recognition for its "NATURVET" trademark.  Through Garmon's extensive marketing and sales of "NATURVET" products, it has developed distinctiveness and secondary meaning in the "NATURVET" trademark in connection with pet products.

10.     In addition, Garmon has caused the "NATURVET" trademark to be registered in the United States Patent and Trademark Office (the "USPTO").  The USPTO issued a Trademark Registration for "NATURVET" under Registration Number 2,002,613 for "non-medicated, non-veterinary pet grooming preparations, namely shampoo and conditioners," in product International Class 003, and for "animal food supplements; pet shampoos, powders, and grooming preparations for destroying and/or repelling fleas; medicated gels, creams, and ointments for treating pet skin conditions caused by flea bites and allergic reactions" in product International Class 005.  A true and correct copy of the registration certificate, documenting registration of the trademark on September 24, 1996, is attached as Exhibit "A."

11.     Garmon is informed and believes, and based thereof alleges, that since 2016 defendant NaturPet has been marketing and selling pet dietary supplements and topical treatments into the United States under a "NATURPET" brand line and trademark.  NaturPet's products directly compete with several of Garmon's "NATURVET" products.

12.     Garmon is informed and believes, and on that basis alleges, that defendant NaturPet has used, and currently uses, the trademark "NATURPET" in

connection with the marketing and sale of its "NATURPET" products in commerce throughout the United States, including within this district, and on the Internet.

13.    Garmon is informed and believes, and on that basis alleges, that defendant NaturPet did not use the mark "NATURPET" in commerce in the United States prior to 2016.

14.    Garmon is informed and believes, and on that basis alleges that, at the time defendant NaturPet made the decision to use the mark "NATURPET" in the United States in connection with its product, defendant NaturPet had actual and constructive knowledge that Garmon had made prior use of the "NATURVET" trademark in commerce in the United States in connection with the sale of similar and some nearly identical products, identical products, including through retail channels through which defendant NaturPet currently sells its infringing products, such as Chewy.com's e-commerce marketplace platform.

15.    In or about December 2017, Garmon became aware that defendant NaturPet was marketing and selling products into the United States under a "NATURPET" brand line and trademark.

16.    By letter dated February 13, 2018, Garmon, through counsel, demanded that defendant NaturPet cease and desist from any further marketing or sales into the United States of any products using a "NATURPET" trademark, take steps to recall and remove from the United States marketplace all products bearing the "NATURPET" trademark that had not yet been sold to an end customer, and provide Garmon with an accounting of any and all sales NaturPet had made in the Unites States of any products using a "NATURPET" trademark.  A true and correct copy of the February 13, 2018 cease and desist letter is attached as Exhibit "B."

17.    Garmon is informed and believes, and on that basis alleges, that NaturPet received the February 13, 2018 cease and desist letter in February of 2018.

18.    Garmon is informed and believes, and on that basis alleges, that NaturPet did not take any of the demanded actions after receiving the February 13,

2018 cease and desist letter.

19.     Instead, on March 8, 2018, defendant NaturPet filed an application with the USPTO for registration of its "NATURPET" trademark and logo.  The application states October 1, 2016 as the date of defendant NaturPet's first use, and first use in commerce, of the trademark.  On October 9, 2018, the USPTO issued a Trademark Registration for "NATURPET" under Registration Number 5,580,591 for "nutritional supplements for animals" in product International Class 005.

20.     At least as early as January of 2019, defendant NaturPet posted content on its company website stating that its products were being sold at retail locations in the United States.

21.     At least as early as January of 2019, defendant NaturPet posted content on its company website stating that defendant NaturPet planned "big growth" in the United States market "in the next year."

22.     In January of 2019, Garmon accessed defendant NaturPet's company website and noted that defendant NaturPet represented on the website that its products were being sold at retail locations in the United States, with "big growth" in the United States market planned "in the next year."

23.     By letter dated January 23, 2019, Garmon, through counsel, again demanded that defendant NaturPet cease and desist from any further marketing or sales into the United States of any products using a "NATURPET" trademark, take steps to recall and remove from the United States marketplace all products bearing the "NATURPET" trademark that had not yet been sold to an end customer, and provide Garmon with an accounting of any and all sales NaturPet had made in the Unites States of any products using a "NATURPET" trademark.  A true and correct copy of the January 23, 2019 cease and desist letter is attached as Exhibit "C."

24.     Garmon is informed and believes, and on that basis alleges, that NaturPet received the January 23, 2019 cease and desist letter in or about January of 2019.

25.     Garmon is informed and believes, and on that basis alleges, that NaturPet did not take any of the demanded actions after receiving the January 23, 2019 cease and desist letter.

26.     On June 13, 2019, Garmon's counsel sent an email to attorney Ben Natter with the law firm Haug Partners LLP, who is listed as defendant NaturPet's counsel of record in connection with registration of the "NATURPET" trademark with the USPTO.  The email attached copies of the February 13, 2018 and January 23, 2019 cease and desist letters, noted defendant NaturPet had not responded to either letter, and requested opening of a dialogue to see whether the dispute could be resolved without litigation.  That same day, June 13, 2019, Mr. Natter responded by email, in which he stated: "We will discuss with our client."

27.     On September 4, 2019, having received no further communication from Mr. Natter, Garmon's counsel sent Mr. Natter a follow-up email demanding a response.  That same day, September 4, 2019, Mr. Natter responded by email, in which he stated: "We do not have a response for you.  We have closed our file."

28.     On December 15, 2020, defendant NaturPet filed an application with the USPTO for registration of its "NATURPET" trademark and logo for additional goods and services, including "Deodorizers for pets," "Antiseptic preparations; Ear drops; Flea and tick treatment preparations for pets; Herbal anti-itch and sore skin ointment for pets; Herbal supplements; Nutritional supplements for pets," and "Retail store services featuring a wide variety of consumer goods relating to pets." The application again states October 1, 2016 as the date of defendant NaturPet's first use, and first use in commerce, of the trademark.

29.     By letter dated March 9, 2021, Garmon, through counsel, again demanded that defendant NaturPet cease and desist from any further marketing or sales into the United States of any products using a "NATURPET" trademark, take steps to recall and remove from the United States marketplace all products bearing the "NATURPET" trademark that had not yet been sold to an end customer, and

provide Garmon with an accounting of any and all sales NaturPet had made in the Unites States of any products using a "NATURPET" trademark.  A true and correct copy of the March 9, 2021 cease and desist letter is attached as Exhibit "D."

30.    Garmon is informed and believes, and on that basis alleges, that NaturPet received the March 9, 2021 cease and desist letter on March 10, 2021.

31.    On March 12, 2021, Mr. Natter contacted Garmon's counsel by telephone and stated he represented NaturPet in connection with the subject trademark dispute and that NaturPet would be responding to Garmon's March 9, 2021 cease and desist letter.  That same day, March 12, 2021, Mr. Natter and Garmon's counsel exchanged emails, and Mr. Natter stated in an email that he would be responding on NaturPet's behalf to Garmon's March 9, 2021 cease and desist letter "in due course."

32.    On April 2, 2021, Garmon's counsel sent an email to Mr. Natter noting it had been three weeks since Mr. Natter stated he would be responding on NaturPet's behalf to Garmon's March 9, 2021 cease and desist letter "in due course."  Garmon's counsel stated that Garmon required a response by no later than April 7, 2021 regarding whether NaturPet would comply with Garmon's cease and desist demands.

33.    To date, Garmon's counsel has received no further response from Mr. Natter.  Garmon is informed and believes, and on that basis alleges, that NaturPet did not take any of the demanded actions after receiving the March 9, 2021 cease and desist letter.

## First Cause of Action

### [Trademark Infringement in Violation of the Lanham Act]

34.    Garmon realleges and incorporates by reference the allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

35.    Defendant NaturPet's use of the "NATURPET" trademark for products similar to, and some nearly identical to, several of Garmon's

"NATURVET" products is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Garmon's products, or to deceive consumers as to the origin, sponsorship or approval of defendant NaturPet's product.

36.     Defendant NaturPet's use of the "NATURPET" trademark comprises an infringement on Garmon's registered trademark "NATURVET," causing damages to Garmon, as well as irreparable harm to Garmon for which there is no adequate remedy at law.

37.     By reason of the foregoing acts, defendant NaturPet is liable to Garmon for trademark infringement under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a).

<u>**Second Cause of Action**</u>

**[Unfair Competition and False Designation of Origin**
**in Violation of the Lanham Act]**

38.     Garmon realleges and incorporates by reference the allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

39.     Defendant NaturPet's acts described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     Garmon started to use its trademark "NATURVET" well prior to defendant NaturPet's first use of its "NATURPET" trademark, and Garmon has a federal registration for the "NATURVET" trademark with the USPTO that predates by over 20 years defendant NaturPet's first use of its "NATURPET" trademark.

41.     Defendant NaturPet's use of the "NATURPET" trademark is likely to cause confusion as to the origin of defendant NaturPet's products and is likely to cause others to believe that there is a relationship between defendant NaturPet and Garmon.

42.     Defendant NaturPet's use of the "NATURPET" trademark constitutes false designation of origin or a false representation and wrongfully and falsely designates defendant NaturPet's products as originating from or connected with Garmon.

43.     Defendant NaturPet's wrongful acts have permitted and will permit it to make sales based upon the strength of Garmon's reputation and the substantial goodwill that Garmon has built up in its "NATURVET" trademark.

44.     As a direct and proximate result of defendant NaturPet's wrongful conduct, Garmon has been and will be deprived of the value of its "NATURVET" trademark as an asset.

45.     Defendant NaturPet's conduct represents a conscious and intentional effort to misappropriate Garmon's "NATURVET" trademark for the purposes of injuring Garmon and unjustly enriching defendant NaturPet at Garmon's expense.

46.     As a direct and proximate result of defendant NaturPet's wrongful conduct, Garmon has suffered damages and is suffering ongoing damages, as well as irreparable harm, that will continue unless the Court enjoins defendant NaturPet's acts.

### Third Cause of Action

**[Unfair Competition in Violation of California Business and Professions Code Sections 17200, *Et Seq.*]**

47.     Garmon realleges and incorporates by reference the allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

48.     Garmon started to use its trademark "NATURVET" well prior to defendant NaturPet's first use of its "NATURPET" trademark, and Garmon has a federal registration for the "NATURVET" trademark with the USPTO that predates by over 20 years defendant NaturPet's first use of its "NATURPET" trademark.

49.     Defendant NaturPet's use of the "NATURPET" trademark is likely to cause confusion as to the origin of defendant NaturPet's products and is likely to

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

cause others to believe that there is a relationship between defendant NaturPet and Garmon.

50.     Defendant NaturPet's above-described acts and practices are likely to mislead the general public and therefore constitute unfair and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising in violation of Sections 17200, *et seq*. of the California Business and Professions Code.

51.     Defendant NaturPet's above-described acts further constitute business acts that violate Garmon's federal trademark rights under Sections 32(a) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(a) & 1125(a), and are therefore unlawful.

52.     The unfair, unlawful, and fraudulent business practices and the deceptive and untrue advertising of defendant NaturPet described above present a continuing threat to members of the public in that defendant NaturPet continues to promote its product by wrongfully trading on the goodwill of Garmon's trademark, and in a manner that is likely to cause confusion as to the origin of defendant NaturPet's product.

53.     As a direct and proximate result of defendant NaturPet's wrongful acts, defendant NaturPet has received and will continue to receive money from sales generated from the strength of Garmon's marketing, advertising, and consumer recognition and goodwill.

54.     As a direct and proximate result of defendant NaturPet's wrongful conduct, Garmon has been injured, and such harm will continue unless defendant NaturPet's acts are enjoined by the Court.  Garmon has no adequate remedy at law for defendant NaturPet's continuing violation of its rights.

## **PRAYER**

WHEREFORE, Garmon respectfully prays for judgment against defendant NaturPet as follows:

(1)     That the Court preliminarily enjoin defendant NaturPet, its officers, agents, servants, employees, attorneys, and all others in active concert or

participation with defendant NaturPet from: using the mark "NATURPET," or any other designation similar to or likely to cause confusion with Garmon's trademark "NATURVET," in conjunction with the marketing or sale of pet-related products within the United States; passing off defendant NaturPet's products as being associated with Garmon; and committing any other unfair business practices directed toward obtaining for themselves the business and customers of Garmon; and

(2)     That following trial of this action, the Court enter final judgment that includes the following:

(a)     The issuance of a permanent injunction enjoining defendant NaturPet, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with defendant NaturPet from: using the mark "NATURPET," or any other designation similar to or likely to cause confusion with Garmon's trademark "NATURVET," in conjunction with the marketing or sale of pet-related products; passing off defendant NaturPet's products as being associated with Garmon; and committing any other unfair business practices directed toward obtaining for themselves the business and customers of Garmon;

(b)     The requirement that, pursuant to 15 U.S.C. § 1118, defendant NaturPet deliver up and destroy all product packaging, labels, signage, literature, advertising materials and any other items incorporating or bearing a representation of the mark "NATURPET," or any other designation similar to or likely to cause confusion with Garmon's trade mark "NATURVET," as well as all plates, matrices, and other means of making the same;

(c)     The requirement that defendant NaturPet file with the Court and serve upon Garmon's counsel within thirty (30) days after entry of Judgment a report in writing, under oath, setting forth in detail the manner and form in which defendant NaturPet has complied with the injunction and the requirement to deliver up and destroy all product packaging, labels, signage, literature, advertising

1   materials and any other items incorporating or bearing a representation of the mark
2   "NATURPET," or any other designation similar to or likely to cause confusion
3   with Garmon's trademark "NATURVET;"

4          (d)     An award to Garmon of all of defendant NaturPet's profits,
5   gains and advantages derived from the unauthorized use of their confusingly similar
6   mark or designation "NATURPET," in an amount to be proven at trial;

7          (e)     An award to Garmon of all damages it has sustained by reason
8   of defendant NaturPet's acts of unfair competition, false designation of origin and
9   trademark infringement, in an amount to be proven at trial;

10          (f)     An award to Garmon of interest, including prejudgment interest,
11   on the foregoing sums; and

12          (g)     An award of costs and attorneys' fees and such other relief as it
13   deems just and proper.

14

15

16   Dated: April __20__, 2021                    Watt, Tieder, Hoffar & Fitzgerald, LLP

17

18                                                By: _____
                                                     Colin C.  Holley
19                                                   Attorneys for Plaintiff
                                                     THE GARMON CORPORATION
20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff, The Garmon Corporation, hereby demands a jury trial of all claims

3   alleged in its Complaint, as provided by Rule 38(a) of the Federal Rules of Civil

4   Procedure.

5

6   Dated:  April __20__, 2021                    Watt, Tieder, Hoffar & Fitzgerald, LLP

7

8                                               By: _____
                                                    Colin C.  Holley
9                                                   Attorneys for Plaintiff
                                                    THE GARMON CORPORATION
10

11   12068184.1 104269.00003

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28